NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 13 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

VIRIDIANA NATERA MONRREAL,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 23-612

Agency No.
A204-536-935

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 8, 2024**
San Francisco, California

Before: R. NELSON, FORREST, and SANCHEZ, Circuit Judges.

Viridiana Natera Monrreal, a practicing Jehovah's Witness, is a native and

citizen of Mexico. She petitions for review of a Board of Immigration Appeals'

(BIA) decision. The BIA dismissed her appeal from an Immigration Judge's

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

decision denying her applications for asylum,[1] withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. *See Pinto v. Holder*, 648 F.3d 976, 986 (9th Cir. 2011) (holding that the BIA's decision "that denied . . . withholding of removal[] and protection under CAT . . . was a final order of removal" under 8 U.S.C. § 1252). We review the agency's legal conclusions de novo and its factual findings for substantial evidence. *See Davila v. Barr*, 968 F.3d 1136, 1141 (9th Cir. 2020). Under the latter standard, the "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We deny the petition.

1.      Substantial evidence supports the decision not to withhold removal. First, Monrreal did not show a clear probability of future persecution because she was a member of the Jehovah's Witness religion.[2] Monrreal testified that she was never harmed for her beliefs while living in Mexico.[3] And there is no evidence that

---

[1] The BIA affirmed the IJ's denial of asylum on waiver grounds, and Monrreal does not challenge that finding on appeal.

[2] Although Monrreal originally applied for withholding of removal on both religious and particular social group grounds, she has waived any challenge to the BIA's denial of withholding of removal on particular social group grounds where her opening brief only discusses her status as a Jehovah's Witness. *See Martinez-Serrano v. I.N.S.*, 94 F.3d 1256, 1259 (9th Cir. 1996) ("Issues raised in a brief that are not supported by argument are deemed abandoned.").

[3] Nor does she challenge the BIA's determination that she failed to establish past harm in Mexico.

her family members, who are still in Mexico, have ever been threatened or harmed for being Jehovah's Witnesses. "[A] petitioner's fear of future persecution is weakened, even undercut, when similarly-situated family members living in the petitioner's home country are not harmed." *Tamang v. Holder*, 598 F.3d 1083, 1094 (9th Cir. 2010) (cleaned up).

Second, substantial evidence supports the BIA's conclusion that the Mexican government would be willing and able to protect Monrreal's free exercise of religion. Monrreal points to a State Department report that indicates that some Jehovah's Witnesses were prevented from practicing, but that same report shows that the Mexican government worked to remedy that private discrimination, including by ordering the reintegration of displaced Jehovah's Witnesses "into their original communities" with state-guaranteed security. The report supports the BIA's determination that the Mexican government is willing and able to help Monrreal if the speculative harms she identifies were to occur. *See Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064–65 (9th Cir. 2020) (efforts to protect certain groups, even if imperfect, were substantial evidence of a country's ability and willingness to protect those groups).

2.    Monrreal's CAT claim also fails. Monrreal had the burden of showing that it was "more likely than not that . . . she would be tortured if removed to" Mexico. 8 C.F.R. § 1208.16(c)(2). She has not carried that burden. Instead, in just

over a page, she makes passing references to the relevant standard without explaining how the BIA erred in finding that Monrreal had not established a particularized risk of future torture. By failing to adequately develop her CAT claim with argument, she has waived it. *See Martinez-Serrano*, 94 F.3d at 1259. Even if not waived, substantial evidence supports the BIA's finding that Monrreal did not meet her burden to establish that the Mexican government would acquiesce to her being tortured, for the reasons described above. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) ("[A] general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence.").

The petition for review is **DENIED.**